# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HENRY FEINBERG, JAYNE L. FENTON, )
DENNIS R. DECOCK, ALBIN D. IRZYK, )
JR., ARTHUR DUBOIS, MICHAEL )
DOBSON, and RUSSELL VOISIN, )
                                        )
      Plaintiffs,     )
                                        )    No. 09 C 659
      v.                         )
                                        )    Wayne R. Andersen
RAND MCNALLY & COMPANY         )    District Judge
SUPPLEMENTAL PENSION PLAN, )
RAND MCNALLY & COMPANY, and )
RM ACQUISITION, LLC, )
                                        )
     Defendants.    )

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendant RM Acquisition, LLC ("RM"), to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, plaintiff's claims against RM are dismissed and RM is hereby dismissed as a defendant in this case.

## BACKGROUND

Plaintiffs Henry Feinberg, Jayne L. Fenton, Denis R. Decock, Albin D. Irzyk Jr., Arthur Dubois, Michael Dobson, and Russell Voisin ( collectively "plaintiffs") are all former employees of and participants in the Rand McNally & Company Supplemental Pension Plan (the "SERP Plan" or "the Plan"). Rand McNally & Company ("Rand McNally") established the SERP Plan in January 1995 for the purpose of providing benefits and deferred compensation to employees of the company. The Plan provided that plaintiffs would receive certain benefits in the form of an annuity at the time they reached retirement age and was utilized as a tax-advantaged means of

providing deferred compensation to certain employees in order to retain them as valued employees of Rand McNally. The Plan provides that it "shall be administered by the company," and contains a provision stating:

> 3.8 <u>Successor to the Company.</u> The term "Company" as used in the Plan shall include any successor to the Company by reason of merger, consolidation, the purchase of all or substantially all of the Company's assets or otherwise.

Plaintiffs allege that certain plaintiffs, including Arthur Debois and Russell Voisin, received benefits under the Plan until December 2007. However, on December 6, 2007, Rand McNally entered into an asset purchase agreement with RM. The Asset Purchase Agreement ("the Agreement") included a clause stating that RM would not be obligated or responsible for certain specified pre-existing liabilities belonging to Rand McNally. (Def's Mot., Exh. 1 at A-6). Plaintiffs allege that in a letter dated December 7, 2007, they were informed that the SERP Plan was an excluded liability under the Agreement and that the benefits were terminated as of December 6, 2007. Further, plaintiffs allege that between March 2008 and October 2008, one of the plaintiffs, Feinberg, made three written requests for an explanation as to the status of the SERP Plan. Plaintiffs allege that, despite Feinberg's requests, neither the SERP Plan, its designee, or any of its plan administrators, provided Feinberg or any of the plaintiffs with any of the Plan documents, confirmation of benefits, or the written explanation Feinberg requested.

On February 2, 2009, plaintiffs filed an initial complaint against Rand McNally & Company Supplemental Pension Plan, RM Acquisition, Patriarch Partners, LLC, Leonard Green & Partners, LP, and Development Specialists, Inc. for claims arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiffs then filed an

amended complaint on April 14, 2009, naming Rand McNally & Company, Rand McNally & Company Supplemental Pension Plan, and RM Acquisition as defendants.

The amended complaint sets forth three counts. Count I arises under ERISA §§ 502(c)(1) and 104(b)(4), 29 U.S.C. §§1132(c)(1), 1024(b)(4), and seeks a penalty against the defendants for a failure to respond in a timely fashion to plaintiffs' written requests for plan documents and information. Count II arises under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and seeks a declaration of rights clarifying the benefits to which Plaintiffs are entitled under the Plan and reinstituting all payments due since December 2007 with interest. Count III arises under ERISA §510, 29 U.S.C. §1140, and alleges that RM interfered with the plaintiffs' rights by attempting to evade its existing and future liability under the Plan because the asset sale excluded the SERP Plan liabilities and allegedly left Rand McNally with insufficient assets to pay benefits under the SERP Plan. (First Am. Cmplt. ¶ 29, 30, 35).

On May 15, 2009, RM filed a motion to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). We now turn to that motion.

## **LEGAL STANDARD**

In order to survive a motion to dismiss pursuant to Federal Rule of Evidence 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court

3

must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## **DISCUSSION**

RM's motion seeks to dismiss plaintiffs' amended complaint for two reasons. First, RM claims it is not a proper defendant under Counts I and II. Second, RM moves to dismiss Count III on the grounds that plaintiffs did not allege an actionable claim pursuant to Section 510 of ERISA.

**I.    Count I: Claim for Penalties**

Count I seeks penalties for a failure to receive plan documents pursuant to ERISA § 502(c)(1), which provides, in relevant part:

> Any administrator…(B) who fails or refuses to comply with a request for information which such administrator is required by this subchapter to furnish to a participant or beneficiary…may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal….29 U.S.C. § 1132(c)(1).

Plaintiffs allege that the information that is required to be furnished under this section is that set forth in ERISA § 104, 29 U.S.C. § 1024. (First Am. Cmplt. ¶ 19). In pertinent part, Section 104 provides: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

However, the Seventh Circuit has held that the plain language of § 502(c)(1) binds only the plan administrator. *See Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("Consistent with the terms of these statutory provisions, this court and others have held that liability under Section 1132(c)(1) is confined to the plan administrator and have rejected the contention that other parties, including claim administrators, can be held liable for the failure to supply participants with the plan documents they seek."). ERISA defines the term "administrator" as "the person specifically designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16). Here, the SERP Plan provides that the Plan Administrator is Rand McNally, *not* RM. (First Am. Cmplt. Ex. A §§ 1.1, 3.1). Further, neither of the parties raised the issue of whether RM might be a "successor to the company" (and, therefore, the Plan Administrator) as set forth in Section 3.8 of the Plan. Therefore, because liability under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c) is confined to the plan administrator, RM is not properly named as a defendant in Count I. Accordingly, RM's motion to dismiss is granted as to Count I.

**II.     Count II: Claim for Benefits Due and Clarifications as to Rights Under the Plan**

In Count II, plaintiffs set forth a claim pursuant to ERISA § 502(a)(1), which authorizes a plan participant to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiffs do not dispute the fact that only the Plan or the Plan Administrator may be sued under § 502(a)(1) (Pltf's Resp. at 8). Instead, plaintiffs argue that the allegations in their complaint establish uncertainty as to the current identity of the SERP Plan. Plaintiffs further argue that because the Plan does not contain a designated "plan administrator," RM is a proper defendant under ERISA § 502(a)(1). In support of their argument, plaintiffs cite *Penrose v. Hartford Life & Accident Ins. Co.*, U.S. Dist. LEXIS 13497 (N.D. Ill. 2003), which held that where the "plan" is unidentifiable, the party who funds the benefits and administers the benefit program is a proper party to suit pursuant to 29 U.S.C. § 1132(a)(1)(B). However, unlike in *Penrose*, the SERP Plan is identifiable. In that case, the court that "where the employer and/or administrator have failed to create or identify an entity known as a plan which can be sued," a plaintiff may sue "'a party legally responsible for paying benefits governed by ERISA….'" *Penrose*, U.S. Dist. LEXIS 13497 (quoting *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751 (9th Cir. 2001)). Here, the SERP Plan is an identifiable and distinct entity. Further, as discussed in Section I *supra*, the Plan specifically names Rand McNally as the Plan Administrator. (First Am. Cmplt. Ex. A §§ 1.1, 3.1).

Moreover, even if the SERP Plan were not identifiable, RM would not be a proper defendant in Count II because it was never "a party legally responsible for paying benefits governed by ERISA." *Penrose*, 2003 U.S. Dist. LEXIS 13497 at *14-15. As discussed in

Section I *supra*, the Asset Purchase Agreement between Rand McNally and RM excludes from RM's assumption of liabilities any liabilities relating to the SERP Plan. Therefore, because RM did not assume any obligation under the SERP Plan, it cannot be held liable pursuant to ERISA § 502(a)(1)(B). Accordingly, RM's motion to dismiss is granted as to Count II.

### III. Count III: Interference Pursuant to ERISA §510

Count III of the amended complaint alleges that defendants' officers and directors acted in concert with one another and either intentionally or negligently acted to deprive plaintiffs of benefits under the Plan by structuring a transaction to sell off the assets of Rand McNally, leaving only a shell corporation (First Am. Cmplt. ¶¶ 29-31). Plaintiffs allege that Defendants' actions violated ERISA §510 which states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, …or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan….29 U.S.C. § 1140.

The Seventh Circuit has stated: "[A] fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship, and not merely the pension plan, was changed in some discriminatory or wrongful way." *Deeming v. Am. Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990). The "prototypical" claim that Congress intended to cover is the situation when an employer terminates an employee to keep his pension from vesting. *See Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir. 1996) (Section "510 applies only in instances in which an employer wrongfully alters the employment relationship to prevent benefit rights from vesting"); *Teumer v. Gen. Motors Corp.*, 34 D.3d 542, 544-45 (7th Cir. 1994) (stating that any refusal to pay or denial that plaintiff was eligible for benefits, even if made in

7

bad faith, did not affect plaintiff's employment status and, therefore, could not form the basis for a Section 510 violation).

Business transaction decisions, therefore, are not regulated by ERISA § 510. *See McGath*, 7 F.3d at 670 ("Because the employer, as the settlor of the plan, had the right to change the plan's terms, [plaintiff] cannot claim that the alleged discriminatory injury flows from the plan amendments."); *see also LaFata v. Raytheon Co.*, 147 Fed. Appx. 258, 263 (3d Cir. 2005) ("[T]he sale of an ongoing business is not prohibited by section 510.") (quoting *Blaw Knox Retirement Income Plan v. White Consol. Indus., Inc.*, 998 F.2d 1185 (3d Cir. 1993)).

Count III alleges that Rand McNally entered into the Agreement with RM in December 2007. The Agreement specified that the RM would not be obligated or responsible for any SERP Plan liabilities. (First Am. Cmplt. ¶¶ 2, 26, 30). Count III fails to set forth any allegations that RM took any adverse employment action against any plaintiff. Rather, Count III challenges and seeks reformation of the terms of the Asset Purchase Agreement between Rand McNally and RM, meaning that it challenges a *business* decision. Consequently, plaintiffs fail to state a claim under Section 510 of ERISA and Count III is hereby dismissed.

## CONCLUSION

For the reasons set forth above, RM's motion [19] to dismiss is granted and RM Acquisition, LLC is hereby dismissed as a defendant in this case.

_____
Wayne R. Andersen
United States District Judge

Dated: July 29, 2009

8